UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYRONE IZAL HAIRSTON, CDCR #BF-2040,<br><br>                                   Plaintiff,<br><br>      vs.<br><br>D. STRAYHORN,<br><br>                                   Defendant. | Case No.: 23cv0153-GPC (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, and**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

     Plaintiff Kevin Tyrone Izal Hairston, a state prisoner proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff claims that while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, Defendant RJD Correctional Officer D. Strayhorn placed him in a chokehold and threw him against a wall without justification and threatened to kill him if he filed an inmate grievance regarding the incident. (*See id*.)

     Plaintiff has not paid the civil filing fee but has instead filed a Motion to Proceed in Forma Pauperis ("IFP"). (ECF No. 2.)

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("28 U.S.C. § 1915(a) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status.")

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1) & (4). The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). Plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether the action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

Plaintiff's inmate trust account statement shows he has no funds available in his trust account at the time of filing. (ECF No. 2 at 7.) The Court **GRANTS** Plaintiff's Motion to

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because the prison certificate indicates Plaintiff may have no means to pay it. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") Plaintiff remains obligated to pay the entire fee in monthly installments.

## II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.   Standard of Review

Because Plaintiff is a prisoner proceeding IFP, the Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).")  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Allegations in the Complaint

Plaintiff alleges he was on his way to the medical department when Defendant RJD Correctional Officer Strayhorn became upset with him "due to the fact that I had earrings and I had my pants to a sage and also a soda bottle with coffee in it." (ECF No. 1 at 2.) Defendant asked Plaintiff to put the soda bottle down and remove his earrings, which he did, but "the next thing I know defendant rush me from behind talking about stop resisting." (*Id*.) Defendant then placed Plaintiff "in a choke hold from the back with my hands in the air along with his hand behind my neck," and then "threw me into a brick wall." (*Id*. at 3.) Plaintiff was required to wear a neck brace and continues to experience pain. (*Id*.) When Plaintiff told Defendant he was going to submit an inmate grievance regarding the incident, Defendant threatened "to kill me if I write" an inmate grievance. (*Id*.)

### C. Discussion

The Cruel and Unusual Punishments Clause of the Eighth Amendment forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors for that inquiry include "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id*. at 7, quoting *Whitley*, 475 U.S. at 1085. The

sadistic and malicious use of force to cause harm violates the Eighth Amendment regardless of "whether or not significant injury is evident." *Id*. at 9-10.

Plaintiff has alleged that Defendant grabbed him from behind in a choke hold and slammed him into a wall for no reason after he complied with Defendant's commands, and that he was injured as a result. Plaintiff's allegations are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with respect to an Eighth Amendment claim against Defendant Strayhorn. *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678. The allegation that Defendant threatened to kill Plaintiff if he filed an inmate grievance, without more, is not sufficient to state a claim. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong.")

Accordingly, Plaintiff is entitled to have the U.S. Marshal effect service of the summons and Complaint against Defendant Strayhorn. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.") Nevertheless, the Court cautions Plaintiff that the *sua sponte* screening process is "cumulative of, not a substitute for, any subsequent [motion to dismiss] that the defendant may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

### III. Conclusion and Orders

Accordingly, good cause appearing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) for Defendant Strayhorn and forward it to Plaintiff along with a blank U.S. Marshal Form 285. The Clerk will provide Plaintiff with certified copies of the Complaint and summons for use in serving Defendant. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

5) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant Strayhorn as directed by Plaintiff on the USM Form 285. Costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6) **ORDERS** Defendant, once served, to reply to Plaintiff's Complaint and any subsequent pleading Plaintiff files in this matter in which Defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening Defendants are required to respond).

7) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document sought to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by

the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon a Defendant, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  January 31, 2023

Hon. Gonzalo P. Curiel
United States District Judge