UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYRONE IZAL HAIRSTON, CDCR #BF-2040,<br><br>Plaintiff,<br><br>v.<br><br>D. STRAYHORN,<br><br>Defendant. | Case No.: 23-CV-153-GPC-WVG<br><br>**ORDER ON PETITIONER'S MOTION TO APPOINT COUNSEL** |

## I.   BACKGROUND

Before the Court is Kevin Tyrone Izal Hairston's ("Petitioner") Motion to Appoint Counsel ("Motion"). (Doc. No. 9.) Petitioner moves the Court for an order appointing counsel to act on his behalf and cites to his inability to afford counsel, limited access to the law library due to his incarceration, and limited knowledge of the law as grounds for relief. (Id., ¶¶1-2.)

## II.   APPLICABLE LAW

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to

28 U.S.C. section 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (West 2000); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29. Unless an evidentiary hearing is necessary, courts maintain discretion to determine whether to appoint counsel. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728-30. To that end, pursuant to 29 U.S.C. section 1915(e)(1), courts may exercise their discretion to appoint counsel for indigent civil litigants only in "exceptional circumstances." *Agyeman v. Corr. Corp. Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal citations omitted). In general, there is no right to appointed counsel in a civil action. *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978).

### III. DISCUSSION

Petitioner's Motion to Appoint Counsel is **DENIED** without prejudice. The grounds to which Petitioner cites in support of his Motion do not constitute grounds for relief. *Taa v. Chase Home Fin.*, 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting a *pro se* litigant's lack of legal training and poverty do not constitute exceptional circumstances, because many other litigants face similar difficulties when proceeding *pro se*); *Wood v. Houseright*, 900 F.2d 1332-1335-36 (9th Cir. 1990) ("difficulties in which any litigant would have in proceeding *pro se*… do not indicate exceptional factors"); *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his

///
///
///

contentions."). Accordingly, the Court DENIES without prejudice Petitioner's Motion to Appoint Counsel.

**IT IS SO ORDERED.**

Dated: June 9, 2023

Hon. William V. Gallo
United States Magistrate Judge